(71 N. W. Rep. 769.)

---

STATE *ex rel vs.* SCHOOL DISTRICT No. 21.

Opinion filed May 27th, 1897.

**Special School Districts—Equalization of Interests.**

> Where a school district is divided, by the organization of a city or incorporated town or village situated within said district, into a special school district, under the provisions of Chapter 62 of the Laws of 1890, the board of arbitration provided for by said chapter to equalize the interest of said districts must take into consideration the school building owned by the original district, and adjust the rights of the respective districts concerning the same.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by the State, on the relation of the Reynolds Special School District, against School District No. 21, Grand Forks county, and others.  A demurrer to the complaint was sustained, and plaintiff appeals.

Reversed.

*W. H. Standish*, for appellant.

*Bangs & Fisk*, and *George A. Bangs*, for respondents.

BARTHOLOMEW, J.  Prior to 1893 there existed a school district in Grand Forks county known as "School District No. 21." Within the territorial limits of such school district was the incor-

porated town of Reynolds, containing a population of more than 300. In 1891 the legislature passed an extended act relating to common schools of the state. The act is Chapter 62 of the Laws of 1890, and comprises 19 articles. Section 169, being the first section in article 19, declares that "any city or incorporated town or village having a population of more than three hundred inhabitants may be constituted a special school district in the manner hereinafter prescribed, and shall then be governed by the provisions of this article." Section 173 provides for the organization of such special school district. It requires that a petition signed by one-third of the voters in such city or incorporated town or village be presented to the council or board of trustees thereof, asking for the organization of such special district, and thereupon it becomes the duty of such council or board of trustees to call a special election, and submit the question of such organization to the voters of the municipality. Section 174 provides that, if a majority of the votes cast at such special election be in favor of such organization, then another election shall be called for the purpose of electing a board of education for such special district. It will be noticed that in these proceedings that portion of the original district lying outside the limits of the city or incorporated town or village is not consulted in any manner. It has no voice in the matter. In 1893 the incorporated town of Reynolds organized itself into a special school district under the provisions above stated. Section 190 of said Chapter 62 reads as follows: "When any board of education shall be organized under the provisions of this article, it shall after the equalization hereinafter provided for assume control of the schools of the city, town or village, and shall be entitled to the possession of all property of the former district or districts or parts thereof lying within such city, town or village, for the use of schools; such board shall also be entitled to its due proportion of all monies on hand and taxes already levied but not collected, and shall be liable for a proper amount of the debts and liabilities of such former district, to be determined in the same manner as provided

in this act for the equalization, determination and division of the
debts, property and assets of school districts consolidated or
divided." Prior sections in the act had declared what territory
should constitute a school township, and how the boundary lines
of school districts might be changed, and how districts might be
consolidated or divided. Section 111 reads as follows: "After
the boundaries of the school district have been established as
provided for in this act, all school districts, or parts of school
districts, that existed as school corporations before the taking
effect of this act, and that are now included in one school district,
shall effect an equalization of property, funds on hand and debts.
To effect this, each school board of such corporation as shall con-
stitute a school district under the operation of this act shall
select one arbitrator, and the several arbitrators, so selected,
together with the county superintendent, shall constitute a board
of arbitration to effect such equalization. If in any case the num-
ber of arbitrators, including the county superintendent, should be
an even number, the county treasurer shall be included and be a
member of said board. The county superintendent shall fix the
time and place of said meeting." Section 112 reads: "Said board
shall take account of the assets, funds on hand, the debts properly
and justly belonging to or chargeable to each corporation or part
of corporation, as it or they existed heretofore, and levy such a
tax against each such corporation or part of corporation as will
in their judgment, justly and fairly equalize their several inter-
ests." After the organization of Reynolds special school district,
an effort was made to effect an equalization as contemplated by
§ 190. To that end, said special district appointed an arbitrator,
and that portion of the old school district No. 21 outside the
special district, and which, of course, still constituted school
district No. 21, appointed another, to-wit, the defendant Ole
Severinson, and the county superintendent, to-wit, the defendant
E. J. Taylor, acted as a third arbitrator. The school house that
had originally belonged to and been used by school district No.
21 remained in that district, being situated outside the limits of

the incorporated town. The arbitrators proceeded to apportion the money on hand, and the uncollected taxes, and the outstanding indebtedness of the original district. This apportionment, as we understand the record, was on the basis of the taxable property in the respective districts,—52 per cent. being apportioned to district No. 21, and 48 per cent. to the special school district; but the abitrators, Severinson and Taylor, refused to in any manner consider the school house and furniture, claiming that the same did not come within their jurisdiction as arbitrators under the statute. This action would of course, leave the school house and furniture as the exclusive property of school district No. 21. Thereupon an action was brought by the special district against the original district No. 21, and against the arbitrators, Severinson and Taylor, to compel an adjustment of the rights and claims of the respective districts to the said school house and furniture. The facts hereinbefore stated were pleaded as the ground for the relief prayed. A demurrer to the complaint was sustained. Under a stipulation in the case, we do not understand that any question was raised in the court below, or can be raised in this court, as to the form of action, or as to the technical sufficiency of the complaint. The sole question sought to be determined by this litigation is whether or not the arbitrators should have treated the said schoolhouse and furniture as assets within their jurisdiction, to be apportioned and adjusted by them. In other words, was the defendant district the exclusive owner of said school house and furniture, and relieved of all liability to reimburse the plaintiff district, either in whole or in part, for the means contributed by the taxpayers therein in procuring such property?

Whatever may be the law upon this point, it must be uniform. The statute cannot receive a flexible construction that would exactly meet the equities of each particular case. If the arbitrators have no jurisdiction to consider or take into account the school house in one case of the character of the case at bar, then they would have no jurisdiction to consider such

property in any such case. No distinction can be read into the law, nor could it make any difference whether the school house fell within the limits of the newly organized special district, or within the limits of the remnant of the original district. The statute can create but the one rule of law. Otherwise it would be unconstitutional, as not being uniform in its operation. We are not to give it a construction that will force that result, if it be reasonably susceptible of another construction. Respondents place great reliance upon that portion of said § 190 which reads, "Such board shall also be entitled to its due proportion of all monies on hand and taxes already levied but not collected." It is urged that, under this language, it is only moneys on hand and uncollected taxes that are to be treated as assets subject to the division by the arbitrators. This argument ignores the preceding portion of the section. The very language quoted, "Such board shall also be entitled," clearly shows that something has preceded to which such board was entitled. And the whole section makes it plain: "When any board of education shall be organized under the provisions of this article, it shall, after the equalization hereinafter provided for, assume control of the schools of the city, town or village, and shall be entitled to the possession of all property of the former district or districts or parts thereof lying within such city, town or village, for the use of schools; such board shall also be entitled," etc. It is only after the equalization that the new board can take possession of the school property of the old district lying within the limits of the new. This indicates plainly that the equalization is to be of such a character as equitably entitles the new district to this property, and this certainly cannot be done unless the property is considered by the arbitrators. We cannot assent to the proposition that the old district still holds the title to the property under the statute, and the new has simply the right of possession. An unlimited right of possession for school purposes is given the new district, and it is not possible that the old district, which held it only for school purposes, should retain any beneficial interest

therein. That beneficial interest is, by the equalization of the arbitrators, transferred to the new district.

Another view of the case will, we think, make it still plainer that the arbitrators should consider the existing school building. Suppose the school house fell within the limits of the special district. In that case the taxpayers in the remnant of the old district, after having contributed their share to the construction of a school building, would find themselves, without their consent —probably against their wishes,—deprived of the same. Another corporation would be enjoying the full and exclusive use thereof. It would certainly be most unjust to those taxpayers to say to them that, unaided, and of their own means, they must proceed to build another house, and it would be but cold comfort to assure them that they still had title to the old building. Under such circumstances, we think this defendant district would be before the courts clamoring to have the arbitrators take the building into consideration in making their equalization. And certainly the courts could not disregard such a demand, and, as we have said, the law must have a uniform operation.

But it is urged that the special district withdrew from the old of its own volition, and for its own advantage, and that, if it suffers a pecuniary loss, it must have contemplated the same, and has no ground of complaint; while, on the other hand, the remnant of the old district may find itself with a school building of far greater capacity and value than its needs require, and to compel it to pay for this useless property, by refunding to the new district the share contributed by it, would be most inequitable and burdensome. This argument before the board of arbitrators would be unanswerable, and we think that is the forum where it should be presented. True, this case has been argued to some extent by both parties upon the theory that, if the plaintiff district was entitled to anything on account of the school building, it would be entitled to a percentage of its value to correspond with the percentage of taxable property in the special district. This is a misapprehension. It deprives the arbitrators

of their principal function, which is to "justly and fairly equalize their several interests." If everything is to be divided in proportion to the percentage of taxable property in the respective districts, then an accountant is needed, rather than a board of arbitrators. But the law does not contemplate anything of that kind. It may be that upon the organization of the special district the remnant of the old district will find itself in possession of school property far in excess of its necessities. In such a case it might be inequitable to compel it to refund to the special district the entire portion of the value originally contributed by the taxpayers in the special district. It might be that the amounts paid by the taxpayers in the remnant of the original district towards the construction of such building would have been sufficient to construct a building ample for their own necessities. In such a case it might be inequitable to require them to refund anything whatever on account of said building. The arbitrators must consider all the circumstances surrounding each case, and the pecuniary benefits and detriment necessarily accruing to each district; and, when either district is necessarily benefited at the expense of the other, compensation should be awarded for such benefits. Where the old district was largely indebted, this equalization of their respective interests could readily be accomplished by fixing the proportion of such indebtedness to be borne by each of such districts. But on this record, as it stands, nothing of that kind was done in this case.

We have ignored certain technical points raised in respondent's brief, as in our judgment, they could not be considered under the stipulation of counsel found in the abstract. The district Court will set aside its order sustaining the demurrer, and enter an order overruling the same. If respondents decline to plead further, we think judgment on the complaint should be entered requiring said arbitrators to reconvene and complete their duties under the statute, as pointed out in this opinion. As such judgment must necessarily include an order upon the arbitrator appointed by the plaintiff district as well as the other arbitrators, we suggest that,

before further proceedings are had in the trial court, said arbitrator be brought in as a party defendant.

Reversed.   All concur.