(75 App. Div. 173.)

BECK et al., School Trustees, v. KERR.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. SCHOOL DISTRICTS—MEETING OF TRUSTEES—NOTICE TO MEMBERS—NECESSITY.
    Two school trustees made out a tax list, executed a tax warrant, and renewed it, without the knowledge of the third, no notice having been given him. No record was kept of these transactions. This trustee lived a part of the year on a canalboat. During such time he was away from the school district, and it was difficult to ascertain his address. Though one of the trustees, who acted as clerk, testified that the third trustee was out of town when the warrant was signed, the evidence was practically undisputed that he was in the district where the warrant and renewal were signed. *Held*, that the actions of the two trustees were individual acts, and void for noncompliance with Consol. School Law (Laws 1894, c. 556), tit. 7, art. 6, § 45, requiring notice of meetings of school trustees to be given to each member.

Appeal from trial term, Ulster county.

Action by Henry Beck and others, school trustees, against George A. Kerr for unpaid taxes. From a judgment of the county court af-

firming the judgment of the Kingston city court for plaintiffs, defendant appeals.   Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

G. R. Adams, for appellant.

Amos Van Etten, for respondents.

CHASE, J.   The plaintiffs are trustees of common school district No. 3, city of Kingston, N. Y.   On the 7th day of August, 1900, at the annual meeting of said school district, there was voted to be raised by tax for teachers' wages, and other items specifically mentioned, an amount aggregating $20,000.   Thereafter the principal of the school, who was acting as district clerk, and another resident of the district, made out a tax list from the city tax roll, and extended thereon the amount of tax to be paid by each inhabitant.   After the tax roll as so prepared by them was completed, and on September 26th, the said clerk had a warrant for the collection of the tax, signed by two of the three trustees.   His testimony in regard to the same is as follows:

"Q. Did the president tell you to call the trustees to come there at his house? A. I cannot recollect.   When the book was ready I notified the trustees by word of mouth.   Q. Was it on the day they signed it?   That was signed on the 26th?   A. I told them the tax was ready.   Q. Whom did you notify? A. Mr. Beck and O'Reilly.   I told them the roll was ready for them to sign and send to the bank for collection.   I did not see Reilly.   He was out of town.   I did not give him notice at this time."

The two trustees were together when the warrant was signed.   No resolution was offered, and no record kept of the transaction.   The third trustee never signed the warrant, nor had any knowledge of the same.   The tax list and warrant were by said clerk delivered to the collector, and they were then immediately delivered to a bank, where they remained pursuant to notice posted and published by said clerk in the name of the collector, stating that taxes could be paid at such bank for 30 days, at 1 per cent. fees.   On the 26th day of October said clerk wrote on the warrant a renewal, as follows:   "We, the undersigned, trustees school Dist. No. 3, city of Kingston, N. Y., do hereby renew the above warrant for a period of thirty days from date,"—and notified Trustees Beck and O'Reilly that the renewal of the warrant had been left at the bank to be signed, and each of them went to the bank and signed the same.   No resolution was offered and no record kept of the transaction.   The third trustee never signed the renewal of the warrant nor had any knowledge of the same.   Thereafter the collector delivered to the trustees or some of them an account of the taxes remaining unpaid, including a tax of $50.10 against the defendant, who is a resident and real estate owner in said district.   On the 7th day of February, 1901, a meeting was held by Trustees Beck and O'Reilly, at which a resolution was passed empowering an attorney named "to collect arrears of school tax in Dist. No. 3 by suit or otherwise, according to return made and filed by collector."   Trustee Reilly was not present at such meeting, and, although he was then within the district, he says he did not

have notice of the same. This action was commenced in the city court to recover the amount of said tax, and resulted in a judgment for the plaintiffs. Reilly did not sign the complaint, and did not know that the suit was commenced until a few days before the trial.

Consol. School Law (Laws 1894, c. 556) tit. 7, art. 6, § 45, provides:

"The trustee or trustees of a district compose a board, and every power committed to said trustees by this act, must be exercised by the board. The board must meet for the transaction of business in accordance with notice of time and place. In a board composed of three trustees, when two only meet to deliberate upon any matter or matters, and the third, if notified, does not attend or the three meet and deliberate thereon, the conclusion of two upon the matter, and their order, act or proceeding in relation thereto, shall be as valid as though it were the conclusion, order, act or proceeding of the three; and a recital of the two in their minute of the conclusion, act or proceeding, or in their order, act or proceeding of the fact of such notice, or of such meeting and deliberation, shall be conclusive evidence thereof. A meeting of the board may be ordered by any member thereof, by giving not less than twenty-four hours' notice of the same."

Trustees of school districts are by the statute created bodies corporate. The respondents admit that in making out a tax list as provided by the statute, as well as in the execution of the tax warrant, and the renewal thereof, trustees must act as a board, and that the several persons constituting the board are entitled to reasonable notice of all meetings; but they seek to excuse the failure to give notice of the meetings mentioned by asserting that a personal notice to Trustee Reilly was impossible, and that a notice by mail would have been useless and of no avail, and in support of their contention refer to the case of Porter v. Robinson, 30 Hun, 209. The evidence before us does not show that it was impossible to have given Trustee Reilly personal notice of the meetings, or that a reasonable notice by mail would have been useless and of no avail. Reilly was a laborer and a boatman. During a portion of the year he lived with his family on a canalboat, of which he had charge. When on the canalboat he was away from the school district, and it was difficult to ascertain his address. Although the said clerk testified that at the time of the signing of the warrant, on the 26th day of September, Reilly was out of town, his statement was a conclusion or expression of opinion only, without any knowledge of the facts. The evidence is practically undisputed that Reilly was not only in the school district at the time the warrant and the renewal warrant were signed, but that he was in the school district continuously from about the 20th day of August for some months thereafter. No effort of any kind was made to ascertain whether Reilly was in the district or not. He was wholly ignored.

The acts of the two trustees in connection with the tax list, and in signing the warrant and the renewal thereof, were individual acts. There was not even a pretense of acting as a corporate body, as provided by the section quoted. A substantial compliance with the statute in the measures preliminary to the taxation of persons and property, in all matters which are of the substance of the procedure, and designed for the protection of the taxpayer, is a condition precedent

to the legality and validity of the tax. Westfall v. Preston, 49 N. Y. 349. It is unnecessary to consider the many other points raised by the appellant, for the reason that we have already shown that the statutes relating to procedure designed for the protection of the taxpayers were not substantially complied with.

The judgments of the county court and city court of Kingston should be reversed, with costs to the appellant in this court and in the county court, and a new trial granted in the city court of Kingston. Order should be settled by CHASE, J. All concur.