## SCHOOL DISTRICT NUMBER 94, a Corporation, v. SPECIAL SCHOOL DISTRICT NUMBER 33, a Corporation.

(157 N. W. 287.)

School districts — boundaries — changing — property and debts — division and apportionment — arbitrators — return and findings — county auditor — awards made — taxes — levy made — indebtedness — found by the arbitrators — suit to recover — not maintainable — mandamus — remedy.

Two school districts of Cass county changed their boundaries. Arbitrators

33 N. D.—23.

were appointed to equalize the property and debts. Their decision gave to plaintiff the sum of $239.87. *Held*, that such arbitration was pursuant to §§ 1327–1331, Comp. Laws 1913, which provide that the arbitrators shall make a return of their findings to the county auditor, who shall thereupon extend a tax against the property situate within the districts to pay the various awards, and that the same shall be paid as the taxes are collected.

It, therefore, follows that the plaintiff could not maintain a suit in law upon the indebtedness. The remedy, if any, was by mandamus to compel the arbitrators, county auditor, and other officials to proceed with the collection of the tax.

Opinion filed March 6, 1916.

Appeal from the District Court of Cass County, *Pollock,* J.
Affirmed.

*M. A. Hildreth,* for appellant.

In the absence of a statute, the settlement and adjustment between the parties was an arbitration and award at common law, and as such will be upheld. Diederick v. Richley, 2 Hill, 271; Wood v. Auburn & R. R. Co. 8 N. Y. 160; Robertson v. M'Niel, 12 Wend. 578; Burnside v. Whitney, 21 N. Y. 148; Pierce v. Kirby, 21 Wis. 125; Conger v. Dean, 3 Iowa, 463, 66 Am. Dec. 93; Wood v. Tunnicliff, 74 N. Y. 38.

At common law a parol submission is valid and binding, excepting where the controversy relates to land or to some matter to which the parties could not bind each other by parol. French v. New, 28 N. Y. 147.

Corporations may submit demands to arbitration in the same manner as individuals, unless there is provision in their charters, or some statute, prohibiting same. Brady v. Meyer, 1 Barb. 584; Kane v. Fond du Lac, 40 Wis. 495; People ex rel. Benedict v. Oneida County, 24 Hun, 413; Campbell v. Upton, 113 Mass. 67.

It is not necessary that there shall be an express agreement to abide by the determination and award given. The law implies all this. Valentine v. Valentine, 2 Barb. Ch. 430; Byers v. Van Deusen, 5 Wend. 268.

The mutual agreement to submit to arbitration constitutes a mutual promise and legal consideration to sustain an action. Wood v. Tunnicliff, 74 N. Y. 38.

This action is based on the award. It is no defense that the award is contrary to law. Jackson ex dem. Van Allen v. Ambler, 14 Johns. 96; Shephard v. Watrous, 3 Caines, 166; Cranston v. Kenny, 9 Johns. 212; Mitchell v. Bush, 7 Cow. 185.

The decision of the arbitrators is conclusive upon questions of both law and fact. Emmett v. Hoyt, 17 Wend. 410; Winship v. Jewett, 1 Barb. Ch. 173; Fudickar v. Guardian Mut. L. Ins. Co. 62 N. Y. 392; Perkins v. Giles, 50 N. Y. 228; Morris Run Coal Co. v. Salt Co. 58 N. Y. 667.

Arbitrators, unless restricted by the submission, may disregard strict rules of law or evidence and decide according to their sense of equity. Boston Water Power Co. v. Gray, 6 Met. 132; Hazeltine v. Smith, 3 Vt. 535; Cushman v. Wooster, 45 N. H. 410.

Every reasonable intendment will be made to uphold an award. Hiscock v. Harris, 74 N. Y. 108; Curtis v. Gokey, 68 N. Y. 300; Locke v. Filley, 14 Hun, 139; Ott v. Schroeppel, 5 N. Y. 482; Caldwell v. Brooks Elevator Co. 10 N. D. 575, 88 N. W. 700; Unterrainer v. Seelig, 13 S. D. 148, 82 N. W. 394.

An award can only be successfully attacked by being impeached for fraud or mistake, and can only be defended against by alleging and proving performance. Coleman v. Wade, 6 N. Y. 44; Boyden v. Lamb, 152 Mass. 416, 25 N. E. 609; Witz v. Tregallas, 82 Md. 351, 33 Atl. 719; Fudickar v. Guardian Mut. L. Ins. Co. 62 N. Y. 392; Hoffman v. De Graaf, 109 N. Y. 638, 16 N. E. 357; Sweet v. Morrison, 116 N. Y. 19, 15 Am. St. Rep. 376, 22 N. E. 276; Henry v. Hilliard, 120 N. C. 479, 27 S. E. 130; 2 Am. & Eng. Enc. Law, 794.

The claim the plaintiff had against the defendant has been merged in the award, and such award must be sustained; being valid, it is a bar to an action upon the original claim. Coleman v. Wade, 6 N. Y. 44; Hoffman v. De Graaf, 109 N. Y. 638, 16 N. E. 357; Masury v. Whiton, 111 N. Y. 679, 18 N. E. 638.

In the absence of any statutory provision, the award was a good common-law award and must stand. Kreiss v. Hotaling, 96 Cal. 617, 31 Pac. 740; Fink v. Fink, 8 Iowa, 313; Gibson v. Burrows, 41 Mich. 713, 3 N. W. 200.

*Engerud, Holt, & Frame,* for respondent.

The statute not only provides for the selection of arbitrators, but it

prescribes their duties and powers, and how they shall perform them, and how their award shall be carried into effect. The whole proceeding is statutory. Laws 1913, §§ 1327–1331.

BURKE, J. The two school districts involved in this litigation changed their boundaries pursuant to the decision in School Dist. v. Thompson, 27 N. D. 459, 146 N. W. 727. Pursuant to §§ 1327–1331, Comp. Laws 1913, arbitrators were appointed to equalize the property, funds on hand, and debts. Their award, among other things, allowed the plaintiff $239.87. For some reason not apparent to this court, difficulties arose regarding the payment of this amount, and plaintiff commenced this suit, alleging in his complaint the facts already set forth, and, in part, alleging that the award aforesaid provided that school district No. 33 issue its check for $239.87 as its *pro rata* share of indebtedness belonging to said district No. 94 at the time of the change in boundary line; that the plaintiff has performed all the orders on its part with reference to said award, and thereafter demanded of the said defendant the payment of the said sum. That defendant then, and ever since, has refused to pay the same to the plaintiff, and the same is now due and payable. "Wherefore, plaintiff demands judgment against the said defendant for the sum of $239.87 and interest at the rate of 7 per cent per annum from April 27, 1914, besides the costs of this action." To this complaint a demurrer was interposed alleging that the complaint did not state facts sufficient to constitute a cause of action, and on its face affirmatively showed that the plaintiff has no cause of action. The demurrer was sustained by the trial court, as he says, upon the grounds that §§ 1327–1331, Comp. Laws 1913, made provision for the collection of such award by taxation, and that the remedy in case of a failure to make the levy would be mandamus to compel the officers to do their duty, and not by application for a general judgment and execution. This appeal challenges the correctness of such order. The five sections involved read as follows:

"§ 1327. Equalization of Indebtedness by Arbitration.—After the boundaries of a school district have been established as provided for in this chapter, all school districts or parts of school districts that existed as school corporations, or as parts thereof, before the taking

effect of this Code, and that are now included in one school district, shall effect an equalization of property, funds on hand and debts; or whenever the boundaries of two or more districts are rearranged, all districts affected by such change shall effect an equalization of property, funds on hand and debts. To effect this, such school board of such corporation constituting a school district under the operation of this chapter, shall select one arbitrator, and the several arbitrators so selected, together with the county superintendent, shall constitute a board of arbitration to effect such equalization. If in any case the number of arbitrators, including the county superintendent, shall be an even number, the county treasurer shall be included and be a member of such board. The county superintendent shall fix the time and place of such meeting.

"§ 1328. Tax to Equalize and Pay Previous Debts.—Such board shall take an account of the assets, funds on hand, the debts properly and justly belonging to or chargeable to each corporation, or part of a corporation affected by such change, and levy such a tax against each as will in its judgment justly and fairly equalize their several interests.

"§ 1329. Maximum Annual Tax Levy for Such Purposes.—When the amounts to be levied upon the several corporations or parts of corporations mentioned in the preceding section, shall be fixed, a list thereof shall be made wherein the amount shall be set down opposite each corporation. The whole shall be stated substantially in the form herein required for certifying school taxes, and addressed to the county auditor, and shall be signed by a majority of such board of arbitration; such levy shall be deemed legal and valid upon the taxable property of each corporation: Provided, however, That not more than 15 mills thereof shall be extended against such taxable property in any one year, and such levy not exceeding 15 mills on the dollar shall be extended as in this section provided from year to year, until the whole amount shall be so levied. The county auditor shall preserve such levies and shall extend the several rates from year to year, as above required by law for district taxes and the taxes shall be collected at the same time and in the same manner as other taxes are collected.

"§ 1330. Proceeds to be Turned over to the Respective Districts.— Opposite the several descriptions of property on the tax list shall be

entered the school districts within which it lies, and all the proceeds of these equalizing taxes shall be collected and shall be paid over to the proper school district within which the property is situated. The proceeds of taxes upon parts of districts lying outside of the district as at present constituted with which they were equalized shall be paid to the treasurer of the school district within which the property is situated; the same as hereinbefore provided for regular taxes.

"§ 1331. Maximum Tax Levy for All School Purposes.—The taxes levied for purposes of equalization shall be in addition to all other taxes for school purposes: Provided, That all taxes for school purposes, including such taxes for equalization, shall not exceed 30 mills on the dollar in any one year. The provisions of this article shall apply to and govern all school districts and parts of school districts hereafter divided or consolidated with each other or with other districts in the divisions, uniting for apportionment of their debts and liabilities or property and assets."

A perusal of the said statute convinces us that the trial court is correct. Those sections provide for the tax levy against each district in such sum as will justly and fairly equalize their several interests; for the certification by the arbitrator to the county auditor in the form of a tax levy; for the extension of this levy by the county auditor, and a provision that when the taxes are collected they shall be paid over to the district in whose behalf they are levied. The statute provides complete machinery for the collection of plaintiff's claim, and we do not believe a court should be asked to ignore this existing remedy and substitute another. The fact that the arbitrators undertook to provide a cash payment in place of the statutory method does not change the situation. Plaintiff's remedy is to compel by mandamus the statutory steps to be taken leading to a levy and payment according to law. Judgment is affirmed.