STATE OF NORTH DAKOTA EX REL. SCHOOL DISTRICT NO. 94, a Corporation, Respondent, v. W. R. TUCKER, Auditor of Cass County, North Dakota, J. W. Riley, Superintendent of Public Schools, Cass County, North Dakota, John Schmitz, T. M. Crawford, H. H. Vowles, and Special School District No. 33, Tower City, a Corporation, Appellants.

(166 N. W. 820.)

School board — special meeting of — arbitrator appointed — meeting not called in manner prescribed by statute — absent member — not notified — appointment of arbitrator — not binding on school district.

1. An appointment of an arbitrator which is made at a special meeting of a school board which is not called in the manner prescribed by the statute, and from which one of the members is absent on account of having received no notice thereof, is not binding upon the school district.

Taxes — levied and assessed — not collected — annexation to school district — portion of another district — assets — funds on hand — debts — interests of respective parts — equalized.

2. Taxes levied and assessed, but uncollected, should be taken into account, under the provisions of § 1328 of the Compiled Laws of 1913, which, in the case of the annexation by one school district of a portion of another, provides for the appointment of a board of arbitrators, and that "such board shall take an account of the assets, funds on hand, the debts properly and justly belonging to or chargeable to each corporation, or part of a corporation affected by

such change, and levy such a tax against each as will in its judgment justly and fairly equalize their several interests."

**Arbitrators — minority of number — failure to meet majority — after due notice — constitutes dissent — from action taken — majority award — rendition of —authorized when.**

3. The failure of one or a minority of a number of arbitrators to appear and act with the majority, after a sufficient notice and reasonable opportunity therefor, constitutes substantially a dissent from the action of the majority, which will enable the latter to proceed in the absence of such member or minority to the rendition of a majority award, in a case where a majority award has been authorized, and unless an unanimity of action is required by the statutes.

Opinion filed February 20, 1918.

Mandamus to compel a board of arbitrators appointed under the provision of § 1327 of the Compiled Laws of 1913, to reconvene and to cause a levy to be made.

Appeal from the District Court of Cass County, Honorable, *A. T. Cole,* Judge.

Judgment for plaintiff. Defendants appeal.

Reversed.

*A. A. Twichell,* for appellants.

Special meetings of school boards are called on notice of forty-eight hours before meeting, left at residence or a personal service. Comp. Laws, 1913, § 1247.

Meetings, except stated meetings, are invalid unless members are duly notified as required by statute. 10 Cyc. 323 (2) and cases cited.

School officers possess only such powers as are granted by statute or result by fair implication from those so granted. Watts v. McLean, 28 Ill. App. 537.

Statutory powers given to school boards will not be exempted by implication, but in determining their extent and scope a strict interpretation will be adopted, and any ambiguity or doubt must be resolved in favor of the public. Seeger v. Mueller, 133 Ill. 86, 24 N. E. 513.

The school directors may bind the district by a contract made at a meeting at which the third member was present, but no contract can be made except at a meeting, and no meeting can be held unless the

absent member had due notice. School Dist. v. Bennett, 52 Ark. 511, 13 S. W. 132.

But if a single member having the right to vote is not notified in the prescribed manner, and is absent and refuses to consent to proceedings had at a meeting, such proceedings are illegal and void, unless the charter or governing statute otherwise provides. 10 Cyc. 326, (9) and cases cited; Stanhope v. School Directors, 42 Ill. App. 570; Burns v. Thompson, 64 Ark. 489, 43 S. W. 499.

A board of education can perform official acts only when a quorum is assembled, as a board, by due notice to all the members. Cunningham v. Board of Education, 53 W. Va. 318, 44 S. E. 129; Beck v. Kerr, 75 App. Div. 173, 77 N. Y. Supp. 370; 10 Cyc. 324 (4) and cases cited; Hunt v. Norwich School Dist. 14 Vt. 300, 39 Am. Dec. 225; 35 Cyc. 903 (4); Schafer v. School Dist. 116 Mich. 206, 74 N. W. 465.

Such a meeting, although irregularly assembled, may be valid if all members attend and act. 10 Cyc. 323 (D) and cases cited.

A custom or usage repugnant to the express provisions of the statute is void; and whenever there is a conflict between a custom or usage and the statute, the statute must prevail. 12 Cyc. 1054 (2) and cases cited.

The indebtedness of or between school districts shall be equalized. Comp. Laws, 1913, § 1327.

If the submission provided for a time and place of meeting of the arbitrators, the arbitrators must meet at such time and place. 3 Cyc. 639 (2) and cases cited.

Interested parties are always entitled to a hearing before a board of arbitration. 3 Cyc. 638 (d) and cases cited; Barrows v. Sweet, 143 Mass. 316, 9 N. E. 665.

Mistakes of arbitrators may be corrected either by themselves or by the court. First Nat. Bank v. Brenneman, 114 Pa. 315, 7 Atl. 910.

At such meeting of arbitrators all interested parties have a right to be heard by proof and argument. Hart v. Kennedy, — N. J. Eq. —, 20 Atl. 29.

The hearing of testimony by arbitrators, in the absence of and without notice to a party, is fatal to an award against said party. Vessel Owners' Towing Co. v. Taylor, 126 Ill. 250, 18 N. E. 663; Citizens

Ins. Co. v. Hamilton, 48 Ill. App. 593; Dormoy v. Knower, 55 Iowa, 722, 8 N. W. 670; Curtis v. Sacramento, 64 Cal. 102, 28 Pac. 108; McFarland v. Mathis, 10 Ark. 560; Hills v. Home Ins. Co. 129 Mass. 345; Wood v. Helme, 14 R. I. 325; Warren v. Tinsley, 3 C. C. A. 613, 2 U. S. App. 509, 53 Fed. 689; Conger v. Dean, 3 Iowa, 463, 66 Am. Dec. 93.

The award of arbitrators must be in accordance with the submission. Fooks v. Lawson, 1 Marv. (Del.) 115, 40 Atl. 661; Brown v. Mize, 119 Ala. 10, 24 So. 453; Century Dig. 1899 p. 364; Century Dig. 1898 p. 344, note 28.

The state board of arbitration is bound to observe those broad rules of law and equity without which a just decision cannot be had. They have quasi judicial powers. New Orleans City & Lake R. Co. v. State Bd. of Arbitration, 47 La. Ann. 874, 17 So. 481.

Arbitrators are not partizans. They represent both parties. 3 Cyc. 625 (b) and cases cited.

The board did not consider the matters which the law compels its members to consider,—such as assets, funds on hand, schoolhouse, school sites, furniture and fixtures, school levy, and cash in treasury. Comp. Laws, 1913, § 1328; McCavick v. Independent School Dist. 25 S. D. 449, 127 N. W. 476; School Directors v. School Directors, 81 Wis. 428, 51 N. W. 871, 52 N. W. 1049; School Dist. v. School Dist. 118 Wis. 233, 95 N. W. 148; 3 Cyc. 664 (A) and cases cited.

An award which is void because of contravention of mandatory provisions of a statute is incapable of ratification by the court, and cannot be enforced. 3 Cyc. 754 (A), 818 (2) and cases cited.

A majority of the arbitrators must be present at the meeting, and a refusal of a minority to act after being duly notified is equivalent to a dissent from the award, and a majority may proceed unless unanimity of action is required by statute. 3 Cyc. 654 (11) and cases cited; Doyle v. Patterson, 84 Va. 800, 6 S. E. 138; Hewitt v. Craig, 86 Ky. 23, 5 S. W. 280.

*M. A. Hildreth,* for respondent.

There being no charge of corruption or bad faith in the arbitration, if they made an error in judgment, the award cannot be disturbed by this court. Perkins v. Giles, 50 N. Y. 228; New York Lumber & Wood Working Co. v. Schneider, 119 N. Y. 475, 24 N. E. 4; Re Burke,

191 N. Y. 437, 84 N. E. 405; Green-Shrier Co. v. State Realty & Mortg. Co. 199 N. Y. 70, 92 N. E. 98.

Such decisions are favored by the courts. Hackney v. Adam, 20 N. D. 131, 127 N. W. 519; Johnsen v. Wineman, 34 N. D. 116, 117, 157 N. W. 679; Caldwell v. Brooks Elevator Co. 10 N. D. 575, 88 N. W. 700; Karthaus v. Ferrer, 1 Pet. 222, 7 L. ed. 121, and cases cited; Burchell v. Marsh, 17 How. 344, 15 L. ed. 96.

In the absence of fraud or collusion, the award cannot be impeached. Diedrick v. Richley, 2 Hill, 271; Wood v. Auburn & R. R. Co. 8 N. Y. 160; Robertson v. M'Niel, 12 Wend. 578; Burnside v. Whitney, 21 N. Y. 148; Pierce v. Kirby, 21 Wis. 125; Conger v. Dean, 3 Iowa, 463, 66 Am. Dec. 93; Wood v. Tunnicliff, 74 N. Y. 38.

Corporations may submit demands to arbitration in the same manner as individuals, unless the charter or the statute prohibits it. Brady v. Brooklyn, 1 Barb. 584; Kane v. Fond du Lac, 40 Wis. 495; People ex rel. Benedict v. Oneida County, 24 Hun, 413; Campbell v. Upton, 113 Mass. 67.

It is not necessary that there be an express agreement to abide by the award made, for the law implies this from the submission. Valentine v. Valentine, 2 Barb. Ch. 430; Byers v. Van Deusen, 5 Wend. 268; Wood v. Tunnicliff, 74 N. Y. 38.

Plaintiff's action is upon the award. It is no defense that the award is contrary to law. Jackson ex dem. Van Alen v. Ambler, 14 Johns. 96; Shepard v. Watrous, 3 Caines, 166; Cranston v. Kenny, 9 Johns. 212; Mitchell v. Bush, 7 Cow. 185.

The decision of the arbitrators is conclusive as well in respect to questions of law as to those of fact. Emmet v. Hoyt, 17 Wend. 410; Winship v. Jewett, 1 Barb. Ch. 173; Fudickar v. Guardian Mut. L. Ins. Co. 62 N. Y. 392; Perkins v. Giles, 50 N. Y. 228; Morris Run Coal Co. v. Salt Co. 58 N. Y. 667.

Every reasonable intendment will be indulged for the purpose of upholding the award. Hiscock v. Harris, 74 N. C. 108; Curtis v. Cokey, 68 N. Y. 300; Locke v. Filley, 14 Hun, 139; Ott v. Schroeppel, 5 N. Y. 482; Unterainre v. Seelig, 13 S. D. 148, 82 N. W. 394; Coleman v. Wade, 6 N. Y. 44; Boyden v. Lamb, 152 Mass. 416, 25 N. E. 609; Fudickar v. Guardian Mut. L. Ins. Co. 62 N. Y. 392; Witz v. Tregallas, 82 Md. 351, 33 Atl. 719; Hoffman v. De Graaf, 109 N. Y.

638, 16 N. E. 357; Sweet v. Morrison, 116 N. Y. 19, 15 Am. St. Rep. 376, 22 N. E. 276; Henry v. Hilliard, 120 N. C. 479, 27 N. E. 130; 2 Am. & Eng. Enc. Law, 794.

The claim defendant had has been merged in the award. Fudickar v. Guardian Mut. L. Ins. Co. 62 N. Y. 397; Coleman v. Wade, 6 N. Y. 44.

Courts are strict in sustaining awards. Error honestly made will not open the door for the award to be assailed. Fraud or misconduct must be shown. Hoffman v. DeGraaf, 109 N. Y. 638, 16 N. E. 357; Masury v. Whiton, 111 N. Y. 679, 18 N. E. 638.

The judgment roll is without defects, and no assignment of error is predicated thereon. Comp. Laws 1913, § 7846.

Mandamus is not an action triable *de novo* in the supreme court. It is a special proceeding. State ex rel. Bickford v. Fabrick, 16 N. D. 94, 112 N. W. 74.

BRUCE, Ch. J.   This is a sequel to School Dist. v. Thompson, 27 N. D. 459, 146 N. W. 727, and School Dist. v. Special School Dist. 33 N. D. 353, 157 N. W. 287.

A mandamus is sought to compel a board of arbitrators to reconvene and cause a due and proper levy to be made upon the seal and personal property of Special School District Number 33, Tower City, North Dakota, for a sufficient sum to pay an award of $239.89, with interest at 6 per cent, which it is claimed was made on the 27th day of April, 1914.

The controversy is over which one of two awards should prevail, the regularity of the one sought to be enforced being challenged by the defendants and appellants, and a subsequent award of $72.62 in favor of school district No. 33, and against school district No. 94, and on which the said defendants rely, being challenged by the plaintiffs and respondents.

It is clear to us that the first award, and upon which award the plaintiff and respondent relies, was a nullity, or at any rate is not controlling in this case.   Section 1247 of the Compiled Laws of 1913 provides that "special meetings may be called by the president, or in his absence by any two members of the board . . . or by causing

a written or printed notice to be left at his place of residence at least forty-eight hours before the time of such meeting."

It is clear from record that no such written or printed notice was given at this first meeting and at which T. A. Crawford was appointed arbitrator for school district No. 33. There is some testimony to the effect that it was the custom to give notice by telephone, and probably that such notice was given in this instance. One of the members of the school board, Stein, however, positively denies having received any notice, and it is undisputed that both he and Kelly were absent from the meeting. It is no doubt the law that in such a case, and where there is a failure to give the statutory notice, if all members of the board are present and participate, the action of the board will be controlling. It is equally clear, however, that where no such legal notice is given, and all of the members are not present, the action of the board at such a meeting will be a nullity. School Board No. 33, therefore, had no legal representative at the first meeting of the board of arbitrators. See School Dist. v. Bennett, 52 Ark. 511, 13 S. W. 132; Burns v. Thompson, 64 Ark. 489, 43 S. W. 499; Cunningham v. Board of Education, 53 W. Va. 318, 44 S. E. 129; Beck v. Kerr, 75 App. Div. 173, 77 N. Y. Supp. 370; 10 Cyc. 323, 324, 326.

As far as the second meeting of the school board of school district No. 33 is concerned, and at which A. M. Voorhees was appointed to represent the said district at the second meeting of the board of arbitrators, though no legal notice was given, all of the members of the board were present and participated, and no legal fault can be found. Dill. Mun. Corp. 5th ed. § 534 (263).

Not only is this true, but § 1328 of the Compiled Laws of 1913 provides that "such board [the board of arbitrators] shall take an account of the assets, funds on hand, the debts properly and justly belonging to or chargeable to each corporation, or part of a corporation affected by such change, and levy such a tax against each as will in its judgment justly and fairly equalize their several interests."

The testimony shows that defendant's school district No. 33 attached the part of the plaintiff's territory in October, 1911, and that in October, 1911, the plaintiff had its 1911 levy of its school taxes assessed and uncollected and amounting to $1,000 to its credit on the tax records of Cass county. It is clear from the record that at the first meeting

of the board of arbitrators, which was held on the 27th day of April, and on which the plaintiff and respondent relies, this item of $1,000 was not mentioned or considered; and it is clear that for this reason alone a review of the award could and should have been had, and that the county superintendent was justified in calling another meeting of the board of arbitrators. State ex rel. Reynolds Special School Dist. v. School Dist. 6 N. D. 488, 71 N. W. 772.

Nor is there any merit in the contention that all of the members were not present at second meeting of the board of arbitrators. All that the statute says upon the subject is that the award must be "signed by a majority of the board of arbitrators." See § 1329 of the Compiled Laws of 1913.

The rule seems to be that "the failure of one or a minority of a number of arbitrators to appear and act with the majority, after a sufficient notice and reasonable opportunity therefor, constitutes substantially, a dissent from the action of the majority, which will enable the latter to proceed, in the absence of such minority, to the rendition of a majority award in case a majority award has been authorized, unless unanimity of action be absolutely required by statute as a condition precedent to the exercise of authority." See 3 Cyc. 654 and cases cited.

Counsel for respondent appears to be of the opinion that this action is one in equity, and comes within the section of the statute which provides for a trial *de novo* in this court. It is immaterial to our decision how this point may be decided. We are, however, of the opinion that, being in mandamus, the proceeding is one at law.

We are clearly of the opinion that the second meeting of the board of arbitrators was properly and legally called by J. M. Reilly, the county superintendent, and that the second award that was made on the 22d day of May, 1914, was binding upon the parties.

The judgment of the District Court is reversed, and the cause remanded, with directions to dismiss the petition.