The motion is, therefore, denied, without costs.

---

ST. FRANCIS ASYLUM OF BUFFALO, Plaintiff, *v.* MARTIN L. VAN NAMEE and Others, Defendants.

Supreme Court, Chautauqua County, June 26, 1928.

Taxation — assessment — action to remove, as cloud on title, tax sale and deed given pursuant thereto — plaintiff is incorporated charitable association, but property was vacant because of lack of necessary funds — town assessors assessed property and placed it on assessment roll for 1919, but plaintiff did not appear on grievance day to make objection — property was sold to defendant in 1920 for unpaid taxes — tax roll fails to contain affidavit by assessors required by Tax Law, § 38, and is invalid — taxes for 1919 were never legally laid and sale and deed to defendant were illegal and void — Tax Law, § 132, is not available to validate proceedings — tax deed is also invalid for failure to give notice to redeem, under Tax Law, § 134 — certificate of sale to defendant canceled under Tax Law, § 56-a.

In this action to remove, as a cloud on the title, a certain tax sale and deed given pursuant thereto, of premises which were deeded to plaintiff for use " in perpetuity as a charitable institution," it appears that the property was left vacant by plaintiff for lack of necessary funds with which to build, and in 1919 the town assessors assessed the property and placed it upon the assessment roll. Plaintiff did not appear on grievance day to make objection or ask that the assessment be stricken from the roll as non-taxable property, with the result that the tax was spread and remained unpaid. The property was advertised for sale for unpaid taxes and was sold in 1920 to defendant, who received a certificate of sale therefor and subsequently received a deed from the county treasurer.

The original tax roll was produced, but it contained no affidavit by the assessors as required by section 38 of the Tax Law. Since, without such a verification, the roll remains a nullity and is invalid, it cannot be made the basis for the enforcement of any taxes spread, with the result that the tax of 1919 on plaintiff's property was never legally laid, and the deed to defendant is illegal and void and confers no right or title on the purchaser and grantee.

Section 132 of the Tax Law, which provides that every conveyance made by a county treasurer which has for two years been recorded in the office of the county clerk shall be conclusive evidence that the sale and proceedings prior thereto, and all notices required to be given were regular and regularly given, has no application here in the face of the stipulation that this action was begun on October 22, 1922, and the deed to defendant was not recorded until October 28, 1921, so that two years had not expired when this action was begun.

Furthermore, plaintiff was given five years from the expiration of the period allowed by law for the redemption of the land sold, by the provisions of section 132 of the Tax Law.

A further objection to the validity of the tax deed lies in the failure to give plaintiff, pursuant to section 134 of the Tax Law, a notice to redeem.

Furthermore, the evidence is that the certificate of sale issued to defendant was canceled by the board of supervisors as erroneous, pursuant to the authority given by section 56-a of the Tax Law.

ACTION to remove as a cloud on title a certain tax sale, and a deed given pursuant thereto of premises described in the complaint.

*Patrick S. Guinnane* [*Thomas P. Hefferman* of counsel], for the plaintiff.

*Gerald A. Herrick*, for the defendants Van Namee.

CHARLES B. WHEELER, Official Referee. The evidence shows that the property in question, consisting of some fourteen acres of land located in the town of Ellicott, Chautauqua county, N. Y., was deeded to the plaintiff by the Rev. Richard Coyle. The deed contained a provision " that the property will be used in perpetuity as a charitable institution."

The plaintiff is an incorporated charitable association having its principal home or place of business in the city of Buffalo, caring for the aged and infirm, another one at Gardenville, one at Williamsville and a hospital at Niagara Falls.

The property in the town of Ellicott the plaintiff had intended to ultimately use for another home of some kind connected with its work, but for lack of the necessary funds at the time of the assessment in question had erected no buildings on it. It was entirely vacant. In the year 1919 the town assessors assessed the property and placed it on the assessment roll prepared by them. It does not appear that the plaintiff on grievance day made objection, or asked that it be stricken from the roll as non-taxable property.

The taxes were spread, and remained unpaid, and the collector so returned it. Accordingly the property was advertised for sale for unpaid taxes and was sold in October, 1920, to the defendant M. L. Van Namee, and a certificate of sale, No. 166, issued to said defendant for the sum of twenty-five dollars and fifty-four cents and three dollars and twelve cents for advertising. On the 24th

day of October, 1921, the county treasurer of Chautauqua county executed to said defendant a deed of said premises, which was recorded on the 28th day of October, 1921. It further appears that on the 15th day of November, 1922, the board of supervisors adopted the following resolution:

"*Resolved*, that on account of erroneous assessment, Certificate No. 166 of the sale of 1920 be cancelled and the purchase money refunded under the provisions of the Tax Law."

The county treasurer thereupon mailed to Mr. Van Namee a check for the purchase money with interest thereon. Mr. Van Namee, however, returned the check to the county treasurer who still holds the same.

The plaintiff contends that the property was not taxable and also raises objections to the power to make such sale and to the regularity of the proceedings leading up to the sale and the giving of the deed to Van Namee.

It further appeared on the hearing before the referee that no notice to redeem was served on the plaintiff as required by section 134 of the Tax Law.

The officers of the plaintiff testified to the receipt of no such notice. Mr. Van Namee was called as a witness and did not testify to the giving of any notice to redeem.

Without discussing all the objections raised to the validity of the assessment, sale and deed given there appears to the referee an objection which seems to be fatal to any title acquired by the defendant Van Namee to the property in question. On the trial before the referee the original tax roll was produced and there is attached to said roll no affidavit whatever as required to be made by the assessors by section 38 of the Tax Law (as amd. by Laws of 1916, chap. 323).

The section in question prescribes the oath required and requires the assessors when they have completed the roll to appear before any officer of their county authorized by law to administer oaths and they " shall severally make and subscribe before such officer an oath in the following form." Then follows the form. Nothing of this kind was done. The roll was never verified by the assessors.

Without such a verification the roll remains a nullity and is invalid. It cannot be made the basis for the enforcement of any tax spread. This has been held by numerous decisions of the courts of this State.

One of the earliest cases reported is that of *Van Rensselaer v. Witbeck* (7 N. Y. 517), where assessors failed to follow the form prescribed by the statute and the court held a substantial compliance with the statute necessary to give jurisdiction to the board of

supervisors to impose a tax, and issue their warrant to the collector thereon, and, therefore, when a collector seized property for the collection of the tax the warrant afforded no protection to the officer.

In *Westfall* v. *Preston* (49 N. Y. 349) the verification by the assessors was made before the final completion of the roll, that is before they had heard and passed on complaints on grievance day, and the court held that this was such a non-compliance with the directions of the statute as vitiated the roll and the warrant issued for the collection of the taxes spread, and the collector was liable for seizing property to enforce them.

In *People* v. *Inman* (197 N. Y. 200, 207) the foregoing cases are cited and the court said " that the failure of the assessors to verify the roll rendered the tax and the sale thereon void is well settled by authority." Citing numerous cases.

The following cases support this doctrine. (*People* v. *Turner*, 117 N. Y. 227, 235; *Beck* v. *Kerr*, 75 App. Div. 173, 176; *People ex rel. Dufour* v. *Wells*, 85 id. 440, 446; *Jewell* v. *Van Steenburgh*, 58 N. Y. 85, 90; *Bradley* v. *Ward*, Id. 401, 406; *Thompson* v. *Burhans*, 61 id. 52, 65; *Brevoort* v. *City of Brooklyn*, 89 id. 128, 132; *People ex rel. Gillies* v. *Suffern*, 68 id. 321, 326; *Shattuck* v. *Bascom*, 105 id. 39.)

In *Shattuck* v. *Bascom* (105 N. Y. 39) the action was one to remove a cloud on title by reason of an illegal sale just as in the instant case.

The referee must, therefore, conclude that the tax of 1919 on the plaintiff's property was never legally made and the sale and deed to the defendant Van Namee illegal and void, conferring no title or rights on the purchaser and grantee.

It has been urged by the defendant that under the provisions of section 132 of the Tax Law providing that every conveyance made by the county treasurer " which have for two years been recorded in the office of the clerk of the county   *   *   *   shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular and were regularly given, published and served according to the provisions of all laws."

The matter of attempted legislation to legalize defective tax proceedings has been the subject of consideration by the Court of Appeals of this State, and the court has said that where the proceedings are so fatally defective that no title passes, the Legislature cannot by curative act transfer the property of one person to another. (*People* v. *Inman*, 197 N. Y. 200, 209. Citing *Cromwell*

v. *MacLean,* 123 N. Y. 474; *Joslyn* v. *Rockwell,* 128 id. 334; *Wallace* v. *McEchron,* 176 id. 424.)

In any event, however, section 132 has no application to this case for it was stipulated that this action was begun on the 22d day of October, 1922, and the deed to the defendant Van Namee was not recorded until the 28th day of October, 1921, so two years has not expired when this action was begun to set the whole proceeding aside.

Again it appears by the concluding provisions of section 132 that the plaintiff was given " five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be cancelled."

We conclude the defendant cannot invoke section 132 to prevent a recovery in this case.

There remains another objection to the validity of the tax deed given the defendant which in our opinion is fatal to this title. Section 134 provides for the giving of notice to redeem. This section relates to sales by the State Comptroller, but by section 158 of the Tax Law it is provided that the sections relating to State taxes shall " govern and control the action of the county treasurer * * * and the same rights and remedies shall be deemed to exist under the provisions of this article as are provided for in said article six."

In addition the evidence is that the certificate of sale issued the defendant was canceled by the board of supervisors as erroneous pursuant to the authority given by section 56-a of the Tax Law (added by Laws of 1916, chap. 323).

As a conclusion of the whole matter the referee is of the opinion that the plaintiff is entitled to the relief prayed for in its complaint, with costs of this action.   Let findings be prepared in conformity with these views.