GRACE G. HOEN and Others, Plaintiffs, *v.* SUFFOLK COUNTY and Others, Defendants.

ROBERT P. GRIFFING, Plaintiff, *v.* SUFFOLK COUNTY and Others, Defendants.

Supreme Court, Suffolk County, November 4, 1932.

*Reginald C. Smith,* for the plaintiffs.

*Guy O. Walser, County Attorney,* for the defendants.

VUNK, J. The plaintiffs bring these actions under the provisions of section 500 of the Real Property Law, asking in their prayer for relief that the plaintiffs have judgment against the defendants that the assessment roll and the paper purporting to be a tax levy against the real property of the plaintiffs for the year 1931 be adjudged null and void; that the county treasurer of Suffolk county be directed to mark his records accordingly; that the defendants and all persons claiming under them, or any of them, be barred from all claim or interest in or lien or incumbrance upon the real property described in the complaints.

The actions are identical except for the parties plaintiff, the description of the real property involved, and the amount of tax purporting to be levied. They have been tried together and the decision in one necessarily decides the issues of law and fact in the other.

At the commencement of the trial the defendants maintained that the plaintiffs have mistaken their remedy. They ask that the complaint be dismissed upon the ground that such an action may not be maintained under the provisions of section 500 of the Real Property Law, and that the facts alleged in the complaints do not state causes of action.

Section 500 of the Real Property Law provides, so far as pertinent to the issues herein, as follows: " § 500. Who may maintain an action. Where a person has been, or he and those whose estates he has, have been for one year in possession of real property, or of any undivided interest therein, claiming it in fee * * * he may maintain an action against any other person * * * to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make to any estate in that property in fee * * * and also including any lien or incumbrance upon said property, of the amount of value of not less than two hundred and fifty dollars."

The amount of the tax attempted to be imposed in each one of these actions is in excess of $250. It may not be disputed that when a tax roll, including an assessment roll properly compiled, according to statute, has affixed thereto a warrant and the same has been delivered to a collector or receiver of taxes, the tax thereby directed to be collected becomes a lien upon the real property against which the same is levied.

I am of the opinion that the taxes mentioned and described in the complaint are, if the proceedings for the fixing of the same be regular, a lien or incumbrance upon said real property within the meaning of the above-quoted section.

There is authority that this action may be maintained although it is not clear that the point was expressly raised. (*St. Francis Asylum of Buffalo* v. *Van Namee*, 132 Misc. 387; affd., 227 App. Div. 844.)

It will be held that the complaints state a cause of action. Nearly all of the allegations of the complaints are admitted. There is no dispute that the plaintiffs are the owners in fee of the property described in the complaints and have been in possession for more than two years next preceding the commencement of the action. The county of Suffolk is a municipal corporation. The several defendants named constitute the board of supervisors of the county of Suffolk. The three persons named, in the year 1931, constituted the board of assessors of the town of Riverhead. The 21st day of July, 1931, was the day commonly spoken of as " grievance day." An assessment roll was prepared by the board of assessors of the town of Riverhead; a warrant signed by the chairman and clerk of the board of supervisors was annexed to the tax roll; the same was delivered to the receiver of taxes of the town of Riverhead, and was thereafter, on or about the 1st day of June, 1932, delivered to the defendant county treasurer of Suffolk county.

Section 6 of chapter 311 of the Laws of 1920, an act in relation to assessment and collection of taxes in Suffolk county, provided as follows: " The assessment roll shall be completed, verified and filed on or before the first day of September in each year."

Section 38 of the Tax Law is applicable to Suffolk county. Said section provided as follows: " § 38. Correction and verification of tax-roll. When the assessors or a majority of them shall have completed their roll, they shall severally appear before any officer of their county, authorized by law to administer oaths and shall severally make and subscribe before such officer an oath in the following form: [Form of Oath], *which oath shall be written or printed on said roll, signed by the assessors and certified by the officer.*" (Italics mine.)

It has been held that when the original tax roll contained no affidavit by the assessors, as required by section 38 of the Tax Law, that the roll remains a nullity and is invalid and cannot be made the basis for the enforcement of any taxes spread, and that a deed pursuant to tax sale is illegal and void and confers no right or title on the purchaser and grantee. (*St. Francis Asylum of Buffalo* v. *Van Namee, supra.*)

It has also been held that the roll shall not be verified until after the time for review, under section 37, has passed, and a verification before that time is a nullity. (*Westfall* v. *Preston*, 49 N. Y. 349.)

The oath may be made by a majority of the assessors and need not be made by all. (*Colman* v. *Shattuck*, 62 N. Y. 348.)

It appears that an oath with no venue is not defective. (*Colman* v. *Shattuck, supra.*)

The assessment roll in this proceeding was signed at the end of the oath hereinbefore mentioned, and in the form therein stated, by the three assessors, Charles O. Morse, Ralph W. Gallagher and Thomas Danowski. At the left the jurat states that it was sworn to the 16th of July, 1931. It was necessary for the assessors or a majority of them to make oath in accordance with section 38 of the Tax Law, after the completion of the assessment roll, after grievance day, and on or before September 1, 1931. This the assessors make oath that they severally did. There is no testimony in the record disputing the fact that they did except the aforesaid words, " July 16th, 1931." The notary, Milton L. Burns, testifies that two of the assessors did make oath before him. He cannot recall the date, whether before or after grievance day. It is not necessary to show the exact day, so long as it was after the completion of the roll, after grievance day, and before September 1, 1931. The witness John Kruszon testifies that he inserted the aforesaid words, " July 16th, 1931," and the figure, " 1."

The assessors may not be charged with his error provided they had themselves performed their duty and had made oath before a proper officer to the correctness of the roll after the same was completed, and before its delivery to the supervisor.

The defendant Homan, supervisor of the town of Riverhead, testified that the roll with the verification attached was delivered to him some time in the month of August, 1931. It is, therefore, apparent that the oath was taken prior to the date required.

The testimony of the witnesses Morse and Goldberg shows that certain corrections were made in the roll and that all of the roll named by them as the completed roll was actually written out after grievance day. The roll used on grievance day was an entirely different roll.

I find no provision of law that requires the last-mentioned roll to be verified. It is the completed roll — the one offered in evidence — that is intended and referred to in the provisions of section 38 of the Tax Law.

The error of the witness Kruszon in filling in the wrong date in the jurat cannot and should not invalidate a roll otherwise properly prepared and actually sworn to by the assessors, as required by section 38 of the Tax Law. I find as a fact in this proceeding that a majority of the assessors took the oath, required by section 38 of the Tax Law, between the time of its completion, which was after July 21, 1931 (grievance day), and the 1st day of September, 1931; that the oath was printed on said roll; that the same was signed by the

assessors and was certified by the officer before whom the oath was taken.

I further find that the date inserted in the jurat was an incorrect date, inserted through no fault of the assessors. I find as a matter of law that such error in the insertion of the date does not invalidate the assessment roll, and consequently the tax roll is valid.

The defendants in each action are entitled to judgment dismissing the complaint, without costs.