## Burns *v*. Thompson.

### Opinion delivered December 11, 1897.

SCHOOL DISTRICT—MEETING OF DIRECTORS—NOTICE.—Notice of a called meeting of a board of school directors must be given in writing to each member of such board, and must state the time, place and purpose of the meeting. (Page 490.)

SAME.—Where two school directors met at a called meeting, from which the third director was absent, without having received legal notice of the meeting, the directors present had no authority to bind the district by employing a teacher. (Page 491.)

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

*E. B. Kinsworthy*, Attorney General, for appellant.

The evidence shows clearly that the meeting was a call meeting, and not a regular meeting. The notice of a special meeting of the directors of a corporation should be in writing, and should definitely state its objects. Beach, Pub. Corp., § 1359; 53 Conn. 576. If one of the directors failed to receive proper notice, the acts of the directors at the meeting are void.

21 Am. & Eng. Enc. Law, 755; 52 Ark. 511; 22 Oh. St. 144; 4 Neb. 254; 47 Mich. 626; 27 Kas. 129. The directors had no power to contract for less than three months of school. Sand. & H. Dig., §§ 7029 and 7049. The contract was made beforehand, in ordered to divest the incoming board of power to elect a teacher. Hence it is void. 92 Ill. 293; 5 Jones (N. C.) 98; 4 Ill. App. 224; 24 Ill. App. 191; 21 Am. & Eng. Enc. Law, p. 756. The contract could not have been legally made at the time of its making, and the receiving of benefits thereunder is not a ratification. Lawson, Contr. §§ 278 and 279; 71 Ill. 532; 76 Ill. 189; 36 Mich. 404; 67 Mo. 319: 11 Wis. 394; 40 Mich. 429; 10 Wall. 676; Beach, Contracts, § 1465.

*J. E. Cravens*, for appellee.

The absent director was sufficiently informed of the meeting and its purposes. 52 Ark. 511. The board has power to employ teachers in advance. 53 Ark. 468.

HUGHES, J. This is an appeal from a judgment for $68.50 against School District No. 41 of the county of Johnson, in favor of the appellee, for services rendered by appellee in teaching a summer school of two months' duration, under a contract therefor made by two of the three school directors of said district, at a called meeting of the board of school directors of said district, one of the three directors composing the board being absent from the meeting. The evidence in the case tends to show, on the one hand, that the absent director (Brown) was, on the day before the meeting, notified verbally of the time, the place and the purpose of the meeting, while Brown, the member of the board who did not attend the meeting, testifies that he was not notified of the meeting.

The question to be decided in this case is, was the meeting a lawful meeting of the board of school directors of district 41? Was the notice of the meeting sufficient? The school directors could act only as a board, and could not bind the district by their action as individuals. *School District* v. *Bennett*, 52 Ark. 511. "It is undoubtedly true    *    *    *    that the corporate authority must be exercised by the proper body. The members of the board of directors of a common school district are not only not the municipal corporation, but are not even a

corporation." The "affairs of a corporation must be trans-
acted at a corporate meeting." 1 Dillon, Mun. Corp. (4
Ed.) §§ 259, 274. There is no question that notice of the
time and place of a called meeting must be given, if prac-
ticable, to every member who has a right to vote. 1 Dillon,
Mun. Corp. § 263; *School District* v. *Bennett*, 52 Ark. 511. "All
corporators are presumed to know of the days appointed by
the charter, usage or by-laws for the transaction of particular
business, and hence no notice of such meeting for the transac-
tion of such business is necessary, or for the transaction of the
mere ordinary affairs of the corporation on such days; yet, if
it is intended to proceed to any other act of importance, a
notice is necessary, the same as at any other time." 1 Dillon,
Mun. Corp. § 262. If the charter or the statute provides a
method by which the notice shall be served, its provisions must
be strictly obeyed. 1 Dillon, Mun. Corp. §§ 263, 268.

By the English municipal corporation act, "due notice of
the time and place of a corporate meeting is, by the English
law, essential to its validity, or its power to do any act which
shall bind the corporation" (1 Dillon, Mun. Corp. § 262), and
the "subject of meetings, stated and special, and the notice and
summons required, are made matters of express regulation."
*Id.* § 265. So, many of the American states have regulated by
statute the manner of giving notice, and it is generally required,
it seems, by these statutes that the notice must be in writing,
and the courts in this country seem generally, so far as we
know, to have followed, in this behalf, the rules adopted in
England. 1 Dillon, Mun. Corp. § 262.

Our statute is silent on the question whether a notice of
the call meeting of a municipal corporation shall be in writing.
But we are of the opinion that when an official notice is required
to be given of such a meeting, it is contemplated that it shall
be in writing, and that it shall state the time, place and pur-
pose of the meeting. The notice of the meeting at which the
contract sued upon in this case was made was not so given, and
the meeting was therefore not a corporate meeting; and the con-
tract is invalid, so far as the corporation is concerned.

We think this case illustrates the necessity of strictness
and certainty in regard to the notice of call meetings of muni-

cipal corporate bodies, which are the representatives of the interest of, and the agents to transact business for, the public, in matters committed to their charge.

The judgment is reversed, and the cause is dismissed.

BUNN, C. J., dissents