<hr />

MARR v. SCHOOL DISTRICT No. 27.

Opinion delivered March 10, 1913.

1.  SCHOOL DIRECTORS—AUTHORITY TO BIND SCHOOL DISTRICT.—When there are only two school directors in a school district qualified to act, they may bind the district by their acts.  (Page 308.)

2.  SCHOOL DISTRICTS—LEGALITY OF ACTS' OF DIRECTORS.—When the evidence tends to show that there are only two directors in a school district and that the third has moved out of the district and abandoned his office, it is error for the trial court to hold as a

matter of law that the acts of the two remaining directors are not binding on the district. (Page 308.)

3. SCHOOL DISTRICTS—CONTRACT TO TEACH—PAROLE EVIDENCE.—Only written contracts to teach school may be made by school directors and parol evidence to vary the terms of a contract is inadmissible. (Page 308.)

Appeal from Cleburne Circuit Court; *George W. Reed*, Judge; reversed.

*Troy Pace*, for appellant.

1. The undisputed evidence shows that Gentry, the third director, had moved out of the district, and was living in another district at the time the contract was entered into; that one Sam Woods was elected to succeed Gentry, but had refused to serve, and that no one had ever been elected or appointed to serve in his stead. Under such circumstances the remaining directors not only had the power but it was their duty to act for the district, and it is bound by their act.

2. If the statute, Kirby's Digest, § 7615, is mandatory, it is nevertheless immaterial to the validity of the contract that the directors failed to subscribe their names to the original which they retained. The material point is that they and Marr *entered into the contract*, and that they and he signed the contract which Marr retained. They could have signed the original signed by Marr, which they kept, and their failure to do so does not affect the validity of the real contract entered into. 130 S. W. (Ark.) 541; 72 Ark. 359; 51 So. (Ala.) 969; 117 Mass. 96; 125 N. Y. S. 952; 83 Ark. 152, 153; 121 N. W. 1076; 88 N. E. 973.

3. But the statute, Kirby's Dig. § 7615, is directory merely, and a substantial compliance therewith is sufficient. Kirby's Dig. § § 7818, 7821; 36 Ark. 446; 34 Ark. 491, 493; 42 Ark. 46, 51; 95 Ark. 28, 29, 30.

*J. H. Harrod*, for appellee.

It is not necessary that the teacher should sign the duplicate furnished to him by the directors in order to make the original contract binding, but it is indispensably necessary to its validity that the directors and the

teacher sign the original contract which is to be kept by the directors. Kirby's Dig. § 7615; 87 Ark. 93. The effect of the failure of the directors to sign the original is that there was no valid contract made of which they could give a duplicate to appellant until they did sign the original contract. 35 Cyc. 1081, 1082.

SMITH, J. Appellant instituted this action in the Cleburne Circuit Court to recover damages for the alleged breach of a contract entered into by and between himself and. the directors of School District No. 27 of that county, whereby he was to teach a common school in said district. Upon the trial before a jury, the court directed a verdict in favor of the appellee, upon which verdict judgment was rendered, and from which judgment this appeal is prosecuted. The contract to teach the school was in writing and conformed to the requirements of section 7615 of Kirby's Digest and its recitals, so far as they are necessary to be considered here, are as follows:

"TEACHER'S CONTRACT.

State of Arkansas, County of Cleburne.

This agreement, between C. B. Stark and J. W. Freeman, as directors of the School District No. 27, in the county of Cleburne, State of Arkansas, and Alex Marr, a teacher, who holds a license of the second grade, and who agrees to teach a common school in said district, is as follows:

The said directors agree, upon their part, in consideration of the covenants of said teacher, hereinafter contained, to employ the said Alex Marr, to teach a common school in said district, for the term of five months, commencing on the 6th day of November, A. D. 1911, to pay therefor in the manner, and out of the funds provided by law, the sum of sixty ($60) dollars for each school month.

(Signature)          J. W. Freeman,

C. B. Stark,    Directors.

Alex Marr,      Teacher.

Date, July 8, 1911. Place, Schoolhouse.''

The complaint, after setting out the contract, alleged that the two directors, who signed the contract, were the only acting directors, that the third had permanently removed from said district and had abandoned his office; and that no successor had qualified to succeed him. That thereafter on November 6 he presented himself at the schoolhouse for the purpose of performing his contract, but that the directors refused to permit him to teach said school; and that during the entire period covered by said contract he was unable to secure other employ- ment, and judgment was prayed for $300.

The school district answered and admitted that the contract sued on had been executed by C. B. Stark and J. W. Freeman as directors of said district, but denied that they were the only directors of said district and denied that the third director had removed from said district and had abandoned his office, and denied the contract had been executed in conformity to and in com- pliance with the law appertaining thereto and denied that the plaintiff was furnished with a duplicate of said contract. The answer also denied plaintiff's offer to comply with the contract or his inability to secure other employment.

The execution of the contract sued upon is admitted except that the original copy kept by the directors read six dollars for each school month instead of sixty dollars and this original copy had not been signed by either of the directors, although it had been continuously in their possession since its execution and was signed by the plaintiff. The question involved is the validity of this contract.

The law does not authorize school directors to make any but a written contract to teach school. *Griggs* v. *School Dist. No.* 70, 87 Ark. 95; and the same case holds that parol evidence is not admissible to vary the terms of the contract thus reduced to writing. One of the pur- poses of this law is to prevent controversy as to the exe- cution of the contract or as to its terms, if executed.

The law was sufficiently complied with in this case.

The proof is that the teacher wrote both copies and signed them both and the directors signed the copy which they gave him, but did not sign the copy which they retained.

The point is made that the original contract recited the compensation to be six dollars per month while the copy sued on read sixty dollars per month. This question was never raised until the trial, and no one contended the compensation should be or was intended to be six dollars per month instead of sixty.

One of the points at issue in the trial below was the fact that only two directors had signed the contract. Two directors may bind their district only where there was a meeting at which all of the directors were present or of which all had notice. *School District* v. *Bennett,* 52 Ark. 511. But if there are only two directors qualified to act, they may act, and may bind their district when they have done so. The proof here tended to show there were only two directors for this district at the time of the execution of the contract in question; that Horace Gentry, the third director, had moved out of the district and had abandoned his office. If such was the case, the remaining two directors had the authority to employ a teacher and to enter into a valid contract for that purpose.

In the case of *School District No. 54* v. *Garrison,* 90 Ark. 335, it was contended that, under the facts there stated the office of director had been abandoned by one of the directors, who had removed from the district, and in an opinion by Justice FRAUENTHAL, the principle which controls the decision of such questions was announced as follows:

"The authorities seem to be in accord in holding that an office can not be abandoned without the actual intention on the part of the officer to abandon and relinquish the office. The relinquishment of the office must be well defined, and it is not produced merely by nonuser or neglect of duty. The officer must clearly intend an absolute relinquishment of the office; and a removal from

the district, if only temporary, would not evince such intention. The nonuser, or neglect of duty, or removal from the district, in order to amount to a vacation of the office, must be not only total and complete, but of such a continuance as to make it permanent, and under such circumstances so clearly indicating absolute relinquishment as to preclude all future question of fact. Otherwise, there must be a judicial determination of the vacancy of the office before it can be so declared."

We, therefore, conclude that the court erred in directing a verdict for defendant and the judgment of the court below is reversed and the cause remanded for a new trial.