RICE v. SCHOOL DISTRICT No. 20, BRADLEY COUNTY.

Opinion delivered July 14, 1913.

1. SCHOOL DISTRICTS—DIRECTORS—ACTION—MEETINGS.—Two directors may act for the school district and bind it by their contract only at a meeting at which all the directors are present, or of which they all have had notice. (Page 129.)

2. SCHOOL DISTRICTS—MEETING OF DIRECTORS.—The mere presence together of the three directors of a school district, is not a school meeting, where they have not met pursuant to notice, unless it is made so by the participation for that purpose of all the directors. (Page 129.)

Appeal from Bradley Circuit Court; E. E. Williams, Special Judge; affirmed.

STATEMENT BY THE COURT.

This was an action by G. A. Rice against School District No. 20 of Bradley County for the collection of $180 alleged to be due him upon a contract to teach school for said district. The case was tried before a jury, impaneled for that purpose, and a verdict was returned in favor of the school district and this appeal is prosecuted to reverse the judgment rendered thereon.

The complaint alleged that appellant was a regularly licensed teacher of Bradley County and that he had entered into a contract with the directors of the appellee school district to teach a school for said district for three months during the summer of 1912 at a salary of sixty dollars per month. That at the time for opening the school he appeared at the schoolhouse and began school, according to his contract, when the school direc-

tors came to the schoolhouse with another teacher and ordered him to desist teaching and give up possession of the schoolhouse, and thereafter refused to allow him to perform his contract.   The answer denied all the material allegations of the complaint and specifically denied that any contract had been made with appellant.   The controverted points in the case are, whether or not all of the directors were present and participated at a meeting of the directors, at which appellant was employed to teach, and whether or not the law was correctly declared in regard to the necessity for such a meeting.

Appellant testified that he had applied to a Mr. Morgan, who was one of the school directors for the school, but Morgan had declined to consent to his employment, although the other two directors were willing that the school should be given to him.   Appellant further testified that in company with the other two directors he went to the home of Morgan to consult with him about the employment of a teacher and the preparation of the notices for the annual school election.   That when they arrived at Morgan's house they found him at work in his barn and when they went out there they were told by him that he did not want to discuss the school question at his house and that he did not want appellant to have the school.   Appellant further testified that Morgan was asked his objections to the appellant as a teacher and answered these questions by stating his objections to appellant, and that one of the directors said:   "Well, we can fix up the school notices," and that Morgan assented that this should be done and appellant filled in the blanks in the notices and after they had been prepared, one director asked the other if he had the school contract with him, and, upon its being produced, these two directors signed the contract and presented it to Morgan, who refused to sign it and also refused to sign the notices, although a few days later he did sign the notices.   The two directors, who signed the contract, testified and substantially corroborated appellant.

Morgan testified that appellant and the other direc-

tors came to his house and found him at work in his barn, and when they stated the object of their visit, he declined to participate in the meeting which they attempted to hold, and that he stated the would not consider the question of the employment of a teacher until the annual school meeting was held. And he denied having any knowledge whether the notices of the school election were prepared at that time or not, although he admits that a few days later he signed the notices of the school election, and at the time of this meeting discussed the question of moving the schoolhouse and whether anything should be said upon that subject in the notices, when they were prepared.

The court gave an instruction asked by the district as follows: "The court instructs the jury that where a party, a member of the board of school directors, had no notice in writing of the time, place and purpose of a meeting, and two members of the board went to the field where the third director was at work, and the third director was present for the purpose of carrying on the work of his farm, and not for the purpose of a meeting of a board of school directors and did not participate in the proceedings of said board, and if you believe from the evidence in this case two of the directors of School District No. 20 attempted to make a school contract with G. A. Rice, under the conditions just set out, the contract made by the said two directors was illegal, and did not bind the district, and if you find that the alleged contract was made under the conditions above set out, your verdict will be for the defendant."

And refused an instruction asked by appellant to the following effect:

"The court instructs the jury that if you believe from the evidence that all of the directors were present at and took any part in anything that was done at the meeting of the board of directors of School District No. 20, held at the residence of S. W. Morgan on 22d day of April, 1912, and then and there at least two of the members of said board agreed to the employment of the

said plaintiff, G. A. Rice, as teacher for said district for a term of three months during the summer of 1912, and entered into a written contract with him for said term at a monthly salary of $60, and you further find that the plaintiff offered and held himself in readiness to teach the school and carry out his part of the contract, then your verdict will be for the plaintiff for the amount sued for, and it makes no difference whether S. W. Morgan consented to the employment of plaintiff or signed the contract."

And appellant excepted to the court's action in giving one instruction and refusing the other.

In addition, the court gave of its own motion the following instruction: "The court instructs the jury that if you believe from the evidence in this case that all three of the school directors of School District No. 20 was present and participated in the meeting in which the contract in this suit was made, although only two directors signed said contract, then you will find for the plaintiff in the sum of $180."

Was the law properly declared and is the verdict unsupported by the evidence?

*D. A. Bradham,* for appellant.

1. The instruction given at appellee's request, and set out in the opinion, is abstract and misleading, under the facts developed in this case, and is therefore erroneous. 1 Brashfield, Instructions to Juries, § 83; 54 Ark. 336; 14 Ark. 537; 6 Ark. 156.

An erroneous and misleading instruction is not cured by a correct instruction on the same subject. 101 Ark. 37; 99 Ark. 377.

2. The instruction requested by appellant should have been given. A written notice is not necessary where all the directors are present and participate in the proceedings. 83 Ark. 491; 4 Tex. 602-611.

*J. R. Wilson,* for appellee.

The instruction complained of is correct. 69 Ark. 162.

SMITH, J., (after stating the facts).   The law is settled that two directors may act for the district and bind it by their contract only at a meeting at which all the directors are present, or of which all have had notice. If notice of a meeting has been given, then the two directors present may act, although the third failed to attend the meeting.   Neither is it necessary that any notice of a meeting be given if all the directors are present and participate in a meeting.   Subject to these restrictions, the directors may meet at any time or place, and the law prescribes no procedure for the transaction of the business of the district when they have met.   *School District v. Bennett,* 52 Ark. 511; *Alex Marr* v. *School Dist. No. 27, Cleburne County,* 107 Ark. 305, 154 S. W. 944.   But there must be a meeting, the law contemplates that the directors shall have the power to contract in the name of the district, only after consultation and deliberation, and for this purpose requires the directors to meet.   The mere presence together of the three directors is not a school meeting, where they have not met pursuant to notice, unless it is made so by the participation for that purpose of all the directors. A very similar question arose in the case of *School District No. 49, Faulkner Co.,* v. *Adams,* 69 Ark. 162, where Justice HUGHES for the court said:

"It was competent for two of the three school directors, being a majority of the school directors, if all were present and participated in the meeting, or had written notice of the time, place and purpose of the meeting as required by law, to make a legal contract to employ a teacher, by which the district would be bound; but without such notice or the voluntary presence of all the members of the board no legal contract could be made. Where a party or member of the board had no notice of the time, place, or purpose of the meeting, and two members of the board went to the residence of the other member and while he was present for some other purpose, and, not for the purpose of a meeting of the board of school directors and protested against their action as a board, as in this case, the two could make no contract to bind

the district." * * * "The corporate authority must be exercised by the proper body."

The instructions given declare the law substantially as here announced and the instruction asked by appellant was properly refused for the reason that it told the jury the contract was a valid one if Morgan took any part in anything that was done at his residence, on the occasion above mentioned. The jury had the right to accept as true Morgan's version of the conversation had between him and the other directors, yet this instruction would require the jury to find that Morgan participated in this meeting even though he did no more than suggest that the notices, when prepared, should submit to the electors the question of moving the schoolhouse.

Affirmed.