MIDLAND CHEMICAL LABORATORIES *v.* SCHOOL DISTRICT OF NORTH LITTLE ROCK.

Opinion delivered April 21, 1924.

1. SCHOOLS AND SCHOOL DISTRICTS—POWERS OF MEMBERS OF BOARD.— The duties imposed upon school boards composed of a number of persons cannot be discharged by a part of the members of the board, except at a regular meeting of the board or at a called meeting after notice given.

2. SCHOOLS AND SCHOOL DISTRICTS—POWERS OF COMMITTEES.—The rules governing a board of school directors apply to special committees appointed by the board, and preclude part of the members of such committees from discharging the duties of or entering into a contract for the committee.

3. SCHOOLS AND SCHOOL DISTRICTS—CONTRACT—POWER OF MEMBERS OF COMMITTEE.—One member of a committee of four authorized to purchase school supplies was not authorized to make a binding contract in the absence of the other three members.

Appeal from Pulaski Circuit Court, Second Division; *Richard R. Mann,* Judge; affirmed.

*Sam M. Wassell,* for appellant.

Plaintiff made out its case when it introduced a copy of the original contract and showed delivery to the carrier. And it went further and called the secretary of the school board, who testified that he informed plaintiff's agent that the school board would buy the merchandise, and that he sent the agent to Dr. Hopkins as the one authorized to buy for the board. Without a denial by the defendant either of plaintiff's allegations or proof, it was erroneous to give a peremptory instruction. 102 Ark. 603. The contract which was the basis of the suit was filed as an exhibit, and, under the statute, was to be

taken as genuine unless controverted. There was no denial under oath, no controverting affidavit. 82 Ark. 105. Hopkins' authority or lack of it was a matter upon which appellee should have been held to offer proof. It was a defensive plea. 79 Ark. 338.

*Carmichael & Hendricks,* for appellee.

HART, J. The Midland Chemical Laboratories sued School District of North Little Rock in the municipal court to recover the sum of $186 alleged to be due the plaintiff by the defendant for school supplies. A copy of the order sued on was attached to the complaint and marked "Exhibit A." It reads as follows:

"Original.

"Order No. 518. 7-29-1919.

"(Subject to acceptance).

MIDLAND CHEMICAL CO.

"District
Ship North Little Rock,
of North Little Rock.
Via frt. I. C. When at once.
Terms: To be paid at Dubuque, Iowa, without interest.
Datings for payments. Due April 1st.

| | Price per gallon | Total amount. |
|---|---|---|
| 1 bbl. p. i. c. 63 gal. | $2.00 | $126.00 |
| 1 doz. 18 ink brushes | | 60.00 |
| | | $186.00 |

"This order is not subject to countermand. All goods sold f. o. b. Dubuque. It is understood and agreed by the purchaser of these goods that the same cannot be returned.

"Salesman, Barfield; purchaser, H. R. Hopkins."

No written answer was filed by the defendant, but the case was tried before the municipal judge upon the testimony of witnesses. It was adjudged in the municipal court that the plaintiff recover of the defendant the amount sued for.

The defendant appealed to the circuit court, and, after hearing the testimony introduced and offered to be introduced by the plaintiff, the court directed a verdict for the defendant.

From the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

The order which is the basis of the suit was introduced in evidence in the circuit court. It is set out above, and need not be repeated here. In addition to the order, the plaintiff either proved or offered to prove the following facts:

Upon receipt of the order, which was sent in by a salesman, the plaintiff packed and delivered in good condition, to a railroad company, the goods embraced in the order. The railroad company received the shipment and issued its bill of lading therefor. The goods were consigned to the defendant at North Little Rock, Arkansas.

E. O. Manees, one of the directors of the North Little Rock School District, was introduced as a witness by the plaintiff. According to his testimony, Dr. H. R. Hopkins, Dr. Foster, Mr. Barnett and himself constituted the purchasing committee of the school board. The purchasing committee was authorized to buy articles that did not amount to much; but articles that amounted to much they referred to the board, and the board passed on them. When the salesman of the plaintiff approached the witness for the purpose of selling him the supplies in question, he referred him to Dr. H. R. Hopkins. The salesman then went to see Dr. Hopkins, and secured the order in question, which was signed by Dr. Hopkins.

Counsel for the plaintiff relies for a reversal of the judgment mainly upon the case of *Chicago Crayon Co.* v. *Choate*, 102 Ark. 603. There is a material difference in the two cases, however. In that case the plaintiff was engaged in the business of enlarging portraits and selling frames, and the defendant was employed by it to deliver the portraits and frames to the purchasers, and to collect for the same. There was a written contract between the

parties, and Choate was to receive as compensation the difference between the invoice price of the frames and the amount for which they were sold, and to make remittances to the company for all amounts collected. Pursuant to this contract, he entered into the discharge of his duties, and became indebted to the Chicago Crayon Company upon account for goods sold and delivered to him in pursuance of the contract. An itemized statement of his account, duly verified by the plaintiff, was attached to the complaint. The affidavit of the plaintiff to the account stated that it was just and correct.

Our statute provides that, in suits upon accounts, the affidavit of the plaintiff that such account is just and correct shall be sufficient to establish it, unless the defendant, under oath, denies the correctness of the account.

The court held that the effect of the statute is to make such verified account, when undenied, *prima facie* proof of its correctness. The defendant in that case did not deny the correctness of the account under oath, nor did he testify or introduce any witnesses in the case. The court said that the suit was based upon the account, and, under the circumstances, it was conclusively correct. Hence the judgment against the plaintiff was reversed, and the case remanded for a new trial.

In the case at bar no verified account was filed by the plaintiff. It did not claim to have any account with the defendant. A written contract was filed, and the order in question was made a part of the complaint as "Exhibit A." No affidavit was attached to it. Hence the statute referred to and applied in the case cited above has no application whatever here. The right of the plaintiff to recover depends entirely upon the validity of the order, which is made the basis of the suit. The evidence offered does show that, in small matters, the purchasing committee had a right to purchase school supplies without referring the matter to the whole board. Assuming that the articles in question belong to the class which the pur-

chasing committee might buy under the authority given it by the whole board, still the plaintiff is not entitled to recover, because it is not shown that the purchasing committee bought the supplies in question.

E. O. Manees, when approached by the salesman of the plaintiff, declined to act, and referred the salesman to Dr. H. R. Hopkins. There were two other members of the purchasing committee besides Manees and Hopkins. It does not appear that Dr. Hopkins acted conjointly with the other members of the committee, or that he even consulted them in making the purchase. In so far as the record discloses, he acted without any authority. This he had no right to do. This court has repeatedly held that duties imposed upon school boards composed of a number of persons cannot be discharged by a part of the members of the board, unless at a regular meeting of the board, or at a called meeting after notice given. It is well settled that no contract can be made except at a regular or called meeting of the board, or at one in which all the members are present. The reason is that duties are cast upon boards or committees composed of a number of persons in order that they may be charged with the efficiency arising from conferring together. *School Dist.* v. *Bennett,* 52 Ark. 511, and *Dierks Special School Dist.* v. *Van Dyke,* 152 Ark. 27, and cases cited.

The same rule that applies to a board of school directors would apply to special committees appointed by the board.

It follows therefore that, under the evidence disclosed by the record, Dr. Hopkins acted without authority in signing the order which is the basis of this action. This appears to be the case from the undisputed proof.

Therefore the court was right in directing a verdict for the defendant, and the judgment will be affirmed.