MARSHALL v. DAVIS CONSTRUCTION COMPANY.

Opinion delivered January 30, 1928.

HIGHWAYS—AUTHORITY OF COMMISSIONERS TO COMPROMISE ACTION.— In an action by a contractor against a highway improvement district created by Acts 1917, p. 2181, where all the commissioners were served with notice, and a majority of them were present in court when the cause was set for trial, they had authority to compromise the action by confessing judgment for an agreed amount.

Appeal from Izard Circuit Court; *John C. Ashley,* Judge; affirmed.

*S. M. Casey,* for appellant.

*George T. Humphries* and *H. A. Northcutt,* for appellee.

HUMPHREYS, J. North Arkansas Highway Improvement District No. 2, running through Independence, Izard and Fulton counties, was created by act No. 473 of the Legislature of 1917, and provided for three commissioners, one from each county. A part of the roadbed in the district was constructed under written contract between said commissioners and Davis Construction Company, the appellee herein.

Appellee instituted suit in the circuit court of Izard County, at the March term, 1926, against the district for $17,232 for additional estimates which it alleged it should have received from the engineer in charge of the construction of the road. An amended complaint was filed in September, 1926, to which the district filed an answer, through its employed attorneys, denying the material allegations in the complaint. The cause was passed until the March term of court, 1927. During the

pendency of the suit, and a short time before court convened, the Legislature of 1927 passed act No. 22, making the county judges in each of the three counties commissioners of said district to succeed the old commissioners. Two of the new commissioners, C. C. Aylor and E. H. LaMore, Ayler being president and LaMore secretary of the board of commissioners, attended court and, while the employed attorneys were trying to get a continuance of the cause, compromised and settled the case by agreeing in open court that a judgment for the sum of $8,000 might be rendered against the district. The agreement upon which the judgment was rendered is as follows:

"We, the undersigned, president and secretary of North Arkansas Highway Improvement District No. 2, hereby agree in open court that the judgment for the sum of eight thousand dollars ($8,000) may be rendered against said district, instead of $17,232 as asked for in the complaint of the plaintiff. It is understood that this judgment for the sum of $8,000 shall be rendered against said district in full settlement of all claims in the suit herein pending for $17,232.

> Signed:    "Davis Construction Company,
> "By Northcutt & Humphries,
> "Attys. for plaintiff.
> "North Arkansas Highway
> Improvement District No. 2,
> "By C. C. Aylor, President.
> "E. H. LaMore, Secretary."

After the rendition of the judgment and final adjournment of court, appellants herein instituted suit in said court to set aside the judgment, upon the alleged ground, amongst others, that the confession of the judgment by two members of the board, in the absence of the third, without notice to him, was void. This issue was controverted, and submitted to the court upon the testimony introduced by the respective parties, which resulted in a dismissal of appellant's complaint to vacate the judgment, from which is this appeal.

The sole question therefore presented by this appeal is whether two members of the board, in the absence of the third, could compromise and settle the suit against the district and bind it by confession of judgment for the amount agreed upon.

Appellants contend that, under the rule announced by this court in the cases of *School District* v. *Bennett,* 52 Ark. 511, 13 S. W. 132, and *Kirst* v. *Street Improvement Dist. No. 120,* 86 Ark. 1, 109 S. W. 526, the compromise agreement was not binding upon the district, being made by two members of the board in the absence of the third, without notice to him. In the first case cited this court said: "We conclude that two directors might bind the district by a contract made at the meeting at which the third was present, or of which he had notice; but no contract can be made at a meeeting, and no meeting can be held, unless all are present, or unless the absent member had notice." And in the last case cited, said: "Two members of a board of assessment of an improvement district are not authorized to act as a board in the absence of the third member, and without notice to him."

The character of business referred to by the court in the two cases cited had no reference whatever to the conduct or disposition of suits brought against the district. The district was a party defendant in the instant case by virtue of a summons which had been duly served upon the commissioners of the district at the time of the institution of the suit, and by virtue of an answer which the commissioners had filed, denying each and every allegation in the complaint. It was the duty of each of the commissioners to be present when the case was called, for the purpose of taking such steps as were necessary to protect the interest of the district. The successors to the original commissioners took their place, and it was incumbent upon each of them to be present when the case was called for the purpose of either procuring a continuance, defending against the suit, or compromising and settling same. Each was bound to know

that the case was pending and that the court could not be expected to delay business for the new board representing the district to give additional notice to an absent member to meet for the purpose of determining what course to pursue when the case should be called. Notice of the pendency of the suit and when the court would meet was sufficient notice to all members to be present and perform their duty. An emergency confronted the majority of the board who were present in the performance of their duty. Appellee was pressing for a trial, and appellants had failed to file a motion in accordance with the law for a continuance. The commissioners present sought a conference with the representatives of appellee, and finally effected a compromise and consented to the judgment. As no additional notice was required for the absent commissioner to be present, the court is of opinion that the other two, constituting a majority of the membership, had authority to compromise and settle the case and agree to a consent judgment.

No error appearing, the judgment is affirmed.