BOGERT *v.* WADE.

Opinion delivered December 2, 1929.

*C. D. Atkinson,* for appellant.

*W. N. Ivie* and *John Mayes,* for appellees.

HART, C. J., (after stating the facts). It is first sought to uphold the decree upon the theory of *Dierks Special School District* v. *Van Dyke,* 152 Ark. 27, 237 S. W. 428, where the court held that, while parties to a written contract may prove that, after its execution, they substituted a new agreement for it, they cannot prove that, at the time the contract was entered into, they had an understanding not expressed in the written contract nor reduced to writing.

Again counsel seek to uphold the decree upon the theory of *Barfield Mercantile Co.* v. *Connery,* 150 Ark. 428, 234 S. W. 481, where the court held that the rule that parol evidence is inadmissible to contradict or vary a written instrument is confined to the parties to the instrument or to those claiming some right or interest under it.

Counsel insist that the first case is applicable, because the oral agreement testified to by the Fallins and Martin was entered into at the time the written contract was executed between Wade and Wood, and for that reason they cannot vary the terms of the written contract, because the oral contract was necessarily a part of the written one executed on the same date. We do not agree with counsel in this contention. The written contract was entered into between Wade and Wood for the purpose of enabling Wood to purchase back the property which had been foreclosed under the mortgage, within a certain and fixed time. It is true that it recites, as additional security for the performance of the contract, the assignment of the two notes executed by R. T. McClinton to Wood, but the Fallins and Martin were not interested in this contract at all. It was not made for their benefit, and it did not concern them whether Wood purchased the mortgaged property back or not. They were only concerned in being released from the deficiency judgment. They performed their part of the contract to secure their release from the deficiency judgment by procuring Wood to transfer the two McClinton notes to Wade. The two contracts, while executed at the same time, were between different parties and were for different purposes. In any event it cannot be said that the oral contract testified to by the Fallins and Martin in any wise tended to contradict or to vary the written contract between Wade and Wood.

In the second place, it is claimed that the Fallins and Martin claimed some right or interest under the written contract executed between Wade and Wood. We cannot perceive how the Fallins and Martin were in any wise interested in the contract between Wade and Wood.

They did not claim any rights under it, and it did not concern them in the least whether or not that contract was carried out. Their rights became vested under the oral contract which they made with Wade for a release from the deficiency judgment against them upon procuring Wood to assign to Wade the two McClinton notes for $500 each. They carried out their part of the contract by procuring Wood to indorse the notes to Wade, and it did not make any difference to them that Wood did this in order to secure the right to purchase back the property within a limited time.

This brings us to a consideration of the case upon the merits. On the one hand, the two Fallins and Martin and Wood all testified that Wade agreed to release the Fallins and Martin from the deficiency judgment if they would procure Wood to assign to Wade the two McClinton notes for $500 each as collateral security for his part of the deficiency judgment. All four of these parties testified in positive terms that this was the agreement. It is true that Wade in equally positive terms testified that this was not the agreement, but, so far as the record discloses, the parties were all credible persons, so that there is no reason why the testimony of one of them should equal or outweigh the testimony of the other four. We are of the opinion that the chancellor erred in finding the facts on this branch of the case in favor of appellees, and that a preponderance of the evidence was in favor of appellant upon this branch of the case.

The case seems to have been fully developed upon this point. It follows that the decree will be reversed, and the cause will be remanded, with directions to grant the prayer of the complaint for a permanent injunction restraining appellees from proceeding further in the levy and sale of the property under the execution against the grantors of appellant, and for further proceedings in accordance with the principles of equity. It is so ordered.