OZARK SCHOOL DISTRICT No. 56 *v.* WICKES CONSOLIDATED SCHOOL DISTRICT No. 79.

Opinion delivered April 25, 1932.

*Duke Frederick,* for appellant.

*Lake, Lake & Carlton,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Polk County setting aside an order of the county board of education entered on July 2d, revoking its previous order of May 15, 1931, dissolving Ozark School District No. 56 and annexing the territory thereof to the Wickes School District.

The order consolidating the two districts was made at a called meeting of the board with only three out of five members present. The record reflects that the two absent members were not notified, and had no knowledge, of said meeting. Section 35 of act 169 of the Acts

of 1931 of the General Assembly relative to special or called meetings of the board of education is as follows:

"The county board of education shall meet on the third Tuesday in March, June, September and December of each year, and at such other times as meetings may be adjourned to, or on call of its chairman, county superintendent of schools, or any two members of the board. Notice of such call meetings to be given in writing to each member of the board."

The statute is mandatory, and its provisions must be strictly obeyed in order to give validity to a called meeting or acts performed by a board of this character at such meeting. The statute was not followed, and therefore the order consolidating the districts on May 2, 1931, was void. *School District No. 42* v. *Bennett,* 52 Ark. 511, 13 S. W. 132; *Burns* v. *Thompson,* 64 Ark. 489, 43 S. W. 499; *Dierks Special School District* v. *Van Dyke,* 152 Ark. 27, 237 S. W. 428.

The board had inherent authority at any subsequent valid meeting to expunge from its record void orders theretofore entered by it, even on its own motion. The power or authority to enter an order necessarily implies power or authority to vacate a void order.

The trial court took the view that the board of education was without authority to set aside upon motion an order once made by it. We think to the contrary, and have no doubt whatever that a board of education may set aside one of its void orders and thereby clear its erroneous record.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to the trial court to affirm the order of the county board of education setting aside its order of May 15, 1931, consolidating said districts.